### Brookings *versus* Cunningham.

The defendant was selected by the principal in a debtor's relief bond to act as a magistrate in an adjudication upon the debtor's disclosure, and, upon such disclosure, united with the other magistrate in giving a discharge-certificate to the debtor, when in fact the defendant had no authority to act as such magistrate; whereby the surety in the relief bond was compelled to pay the same: — *Held,* that for such assumption of authority, the defendant was not liable, *in an action brought by the surety.*

On facts agreed in the District Court.

Upon an execution against one Walker, the debtor had been arrested, and given a relief bond. The debtor made a disclosure of his property affairs, having selected this defendant as one of the justices of the peace and quorum, to hear and act upon the disclosure. Upon the hearing, the defendant assuming to act as a justice of peace and quorum, united with the other magistrate in giving to the debtor a discharge-certificate.

A suit, however, was brought upon the relief bond. In that suit it appeared, that the defendant had held the office of a justice of the peace and quorum; but that, when he acted upon Walker's disclosure, his commission had expired two or three months; and judgment was recovered against Walker and this plaintiff, who was one of his sureties. That judgment was paid by the plaintiff, and he brings this action against the defendant for wrongfully assuming to act as a justice of the peace and quorum.

*Gilbert,* for the plaintiff.

If the defendant had possessed the authority, which he as-

sumed to exercise, the action upon the bond must have failed. But, through the want of such authority, the action prevailed, and the surety, this plaintiff, was compelled to pay the judgment. Such assumption was an unlawful act, for which the party practicing it was liable to any one to whom it did an injury. *Spencer* v. *Perry*, 17 Maine, 413 ; *Briggs* v. *Wardwell*, 10 Mass. 356.

To the maintenance of an action for such an injury, it is not necessary that any malice or wilfulness should be proved. *Osgood* v. *Bradley*, 7 Maine, 411 ; *Lincoln* v. *Hapgood*, 11 Mass. 350, and cases before cited.

*Ingalls*, for the defendant.

TENNEY, J.  The plaintiff having been surety on a bond given upon an arrest of one Walker, to Davis Hatch, according to the R. S. chap. 148, sect. 20, was afterwards sued upon said bond with the principal and co-surety ; and the defence set up, that the principal had disclosed and been admitted to his oath before a breach, failed, for the want of authority in the person who was selected by Walker as a Justice of the peace and quorum, to act in the character which he assumed. A judgment was obtained in the suit upon the bond, and upon the execution taken out upon that judgment, the plaintiff paid the amount, and also paid to them sums of money in defence of the suit on the bond.  This action is brought against the defendant for damages alleged to have been sustained by the plaintiff, for acting in the capacity for which he was not commissioned and qualified, though he was not at the time aware of the want of authority.  Upon a report of these facts certain questions are submitted to this court for discussion, and one is, " can the plaintiff recover for money paid by him on Hatch's execution ?"

The answer to this question must be in the negative.  The damage alleged and sought to be obtained, is too remote and indirect.  The ground of action is, that the defendant failed to do effectually, what he undertook to perform for the principal, and not for the plaintiff.  In becoming a surety on the

bond, the principal contracted to indemnify the plaintiff from any loss which should arise to him in consequence of that undertaking. The surety had no power to compel the performance by the principal of any one of the conditions in the bond, and it does not appear that he took any measures to have them performed by the principal himself, or that he relied upon their performance for his indemnity. There was no privity between him and the defendant in any service, which the latter undertook. He held only the relation of surety to the principal on the bond, till after its breach.

If the principal had designed to fulfil the condition of the bond by payment of what might be due thereon, and had entrusted the money to a person who had engaged to carry and pay it to the creditor, and instead of doing it, he had negligently lost, or have embezzled it, or if the principal had employed one to carry him to the prison, that he might surrender himself to the keeper thereof, and prevent a breach of the bond, and he had unnecessarily failed to arrive in season, in neither case, could the surety avail himself of such delinquency, by payment of the debt, and a resort in his own name to a suit to obtain a reimbursement. The counsel for the plaintiff has presented no analagous case, where a claim of the kind has been sustained. There have been numerous instances, where a surety may have relied upon property in the hands of his principal for his indemnity, and that property has failed through the carelessness or fraud of persons to whom it was entrusted, but we know of no instance where those who have wasted it have been held accountable to the surety of the owner, merely by reason of the relation. And when the principal has failed to relieve the liability of his surety, by an act which he had contracted with others to perform, and which has failed of a valid performance, the principle will equally apply. *Lamb* v. *Stone*, 11 Pick. 527.

*Plaintiff nonsuit.*

*Judgment for defendant.*